UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18 CR 975 CDP (JMB) |
| | ) |
| DUSTIN BOONE, | ) |
| RANDY HAYS, | ) |
| CHRISTOPHER MYERS, and | ) |
| BAILEY COLLETTA, | ) |
| | ) |
| Defendants. | ) |

## COMPLEX CASE FINDING & INITIAL SCHEDULING ORDER

Defendants are charged with federal civil rights crimes and related offenses. (ECF No. 1)  On December 6, 2018, all four defendants, with their respective attorneys present, appeared before the undersigned to be arraigned on the Indictment.  The government was represented by Assistant United States Attorneys (AUSAs) Reginald Harris and Jennifer Winfield.  Prior to arraigning each co-defendant individually, the Court asked AUSA Harris to provide a brief summary of the status of the discovery to date.  AUSA Harris described the discovery and some of the issues involved in this matter, and he made an oral motion for a complex case finding and to continue the matter beyond the default tine limits set by the Speedy Trial Act.  The undersigned confirmed with the defendants' attorneys that the defendants agreed that the matter should be

designated complex for Speedy Trial Act purposes. Accordingly, the undersigned advised the lawyers and defendants that the Court would not, at this time, set definitive deadlines for filing and considering pretrial motions in this matter. Rather, the undersigned would issue an order and complex case finding, and set a status hearing in approximately forty-five (45) days at which time the parties and the Court should be better positioned to set firm deadlines for filing pretrial motions.

For the reasons stated below, the Court concludes that this matter shall be designated a complex case and, and that a definitive schedule for the filing and consideration of pretrial motions will be deferred to a later date after consultation with the attorneys and after Defendants have adequate time to review the discovery materials. For its reasons, the Court states as follows:

1. The Speedy Trial Act, 18 U.S.C. § 1361 et seq., provides that "the trial of a defendant charged in an indictment . . . with the commission of an offense shall commence within seventy days from the filing date (and making public) of the … indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1).

2. Certain periods of delay are excluded in computing the time within which the trial of an offense must commence. See 18 U.S.C. § 3161(h). Among such excluded periods are "delay[s] resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(D).

3. Another period which may be excluded in computing the time within which the trial of an offense must commence is the delay resulting from a continuance granted on the grounds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). This continuance may be granted at the request of a party or by the court on its own motion. Id. Section 3161(h)(7)(A) further provides that:

> No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

4. Section 3161(h)(7)(B) sets forth some of the factors the court should consider when determining whether to grant a continuance under § 3161(h)(7)(A). One of those factors considers the complexity of the case. See 18 U.S.C. § 3161(h)(7)(B)(ii). Section 3161(h)(7)(B)(ii) reads as follows:

3

> Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

5. At the arraignment on December 6, 2018, AUSA Harris asked the Court to designate the matter as "complex," pursuant to the Speedy Trial Act (18 U.S.C. § 3161(h)(7)(B)(ii)) based on several facts and circumstances, including the volume and nature of the discovery in this case. AUSA Harris generally described the discovery and also represented that the parties may need to negotiate a protective order to address information concerning some of the anticipated discovery. The negotiation of a protective order would delay discovery in this matter. Further, the defendants are charged in an indictment alleging a serious civil rights violation. Each defendant is charged with at least one crime that carries a potential twenty year sentence, if convicted. Finally, Defendants' attorneys agreed that the matter should be designated complex.

6. For the foregoing reasons, the Court finds this matter to be complex, as directed in 18 U.S.C. § 3161(h)(7)(B)(ii). The Court finds that the matter is unusual and complex due to multiple factors, including the nature of the prosecution and the complex issues of law and fact associated therewith, the number of defendants, the potential penalties, and the volume and nature of the discovery. Therefore, the ends of justice will be served by designating this matter

4

as a complex case and outweigh the best interests of the public and the defendant in a speedy trial.

7. The Court will hold an attorneys-only status conference in this matter on Friday, January 18, 2019, at 9:00 a.m. Attorneys for all parties are required to be present. At that time, the Court will consult with the lawyers in an effort to set a definitive schedule for the filing and consideration of pretrial motions, and to address any other matters that require the Court's attention.

8. The parties are reminded that, given the complex and serious nature of this case, the undersigned will remain available at other reasonable times to resolve any matters that may require the Court's attention.

Accordingly,

**IT IS HEREBY ORDERED** that the government's unopposed oral motion to designate this matter as a complex case, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), is **GRANTED** and this matter shall be designated as a complex case.

**IT IS FURTHER ORDERED** that a status conference will be held in this matter on **Friday, January 18, 2019, at 9:00 a.m., in Courtroom 15 South**. This will be an Attorneys Only Status Conference.

**IT IS FURTHER ORDERED** that, prior to the January 18th status conference, the government shall file with the Court a detailed notice of arguably suppressible evidence pursuant Rule 12(b)(4).

Case: 4:18-cr-00975-CDP-JMB   Doc. #:  38   Filed: 12/06/18   Page: 6 of 7 PageID #: 84

**IT IS FURTHER ORDERED** that the time granted by this Order, including time to review discovery, is excluded from the computation of the latest date for a trial setting, as prescribed by the Speedy Trial Act.

      /s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 6th day of December, 2018.