UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. S1-4:18 CR 975 CDP |
| | ) | |
| DUSTIN BOONE, | ) | |
| CHRISTOPER MYERS, | ) | |
| and STEVEN KORTE, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT KORTE'S
## MOTION IN LIMINE TO EXCLUDE VOICE IDENTIFICATION

COMES NOW the United States of America, by and through its attorneys, Sayler A.

Fleming, United States Attorney for the Eastern District of Missouri, and Carrie Costantin and

Robert F. Livergood, Assistant United States Attorneys for said District, and files this Response to

Defendant Korte's Motion in Limine to Exclude Voice Identification.

On February 17, 2021, defendant Steven Korte filed his Motion in Limine to Exclude

Voice Identification.   The motion contends that the identification of his voice by multiple

witnesses should be excluded under Federal Rule of Evidence 403 and because the identification

procedures were impermissibly suggestive.   The voice identifications are relevant and probative

and admissible under Rule 403.   The identification procedures were not impermissibly

suggestive.   In addition, the deadline to file motions to suppress passed months ago.   Defendant

Korte's Motion in Limine to Exclude Voice Identification should be denied.

I.      Factual Background

On September 17, 2017, L.H. was assaulted and arrested by St. Louis Metropolitan Police Officers while he was working undercover during the protests after the acquittal of Officer Jason Stockley for the shooting death of Anthony Lamar Smith.   When he was assaulted, he was streaming video using his cell phone.   That streaming video captured officers ordering him to get on the ground, put his hands out and show his hands.   Specifically, the second-to-last speaker on the video states "Get on the ground…Hands out! Hands out!"   Multiple witnesses who worked with defendant Korte will testify that Korte is the speaker. Defendant Randy Hays will testify that he saw defendant Korte kick L.H. in the head.   Defendant Korte has denied being present at the arrest of L.H.

Count Three of the indictment charges Korte with making false statements to the FBI, specifically, denying his involvement in L.H.'s arrest, denying that he stated "Hands out!" while participating in L.H.'s arrest and denying that his voice was on the recording of the arrest.

II.     Legal Analysis

It is well established that a lay person can identify a person's voice based on hearing it previously.   Federal Rule of Evidence 901(b)(5) states that the authentication requirement is satisfied by "An opinion identifying a person's voice — whether heard firsthand or through mechanical or electronic transmission or recording — based on hearing the voice at any time under circumstances that connect it with the alleged speaker."   *United States v. Vitale,* 549 F.2d 71, 73 (8th Cir. 1977) (witness can identify defendant's voice based on speaking to her twice); *United States v. Smith,* 715 F.3d 1110, 1115 (8th Cir. 2013) (The standards for the admissibility of an opinion as to the identity of a speaker is merely that the identifier has heard the voice of the alleged speaker at any time).

2

A.   The Identifications are Admissible Under Rule 403

Defendant Korte contends that the identifications of his voice should be excluded under

Rule 403.   Rule 403 states that: "The court may exclude relevant evidence if its probative value is

substantially outweighed by a danger of one or more of the following:   unfair prejudice, confusing

the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative

evidence."   Because the probative value exceeds any danger of unfair prejudice, the

identifications should be admitted.

Attacks on the accuracy of voice identification go to the weight of the evidence, and the

issue is for the jury to decide.   *United States v. Marin-Cifuentes,* 866 F.2d 988, 995 (8th Cir. 1989).

Defendant does not challenge the foundation for the admission of the voice identifications; he

contends that their admission would be unfairly prejudicial.   "Rule 403 is concerned only with

'unfair prejudice, that is, an undue tendency to suggest decision on an improper basis.'" *United*

*States v. Gabe*, 237 F.3d 954, 959-60 (8th Cir. 2001) (quoting *United States v. Yellow*, 18 F.3d

1438, 1442 (8th Cir. 1994)).

Dustin Boone, Zach Foltz, Randy Hays, Taylor Hosna, Greg Schaffer and Jocelyn Stone

have all identified defendant Korte's voice on the cell phone recording of L.H.'s arrest.   They

worked with defendant Korte.   Their identifications are relevant, probative evidence and should

be admitted.   Of course, defendant Boone's identification of defendant Korte's voice would only

occur if defendant Boone chose to testify.

In *United States v. Mulder*, 147 F.3d 703, 707 (8th Cir. 1998), the Court of Appeals stated:

"Relevant testimony is assumed admissible, Fed. R. Evid. 402, unless its probative value is

'substantially outweighed' by the possibility of unfair prejudice. Fed. R. Evid. 403. Once a party

has demonstrated the relevance and probative value of the evidence, the role of the district court is

simply to determine whether admission of the [evidence] would create an "undue tendency to

suggest decision on an improper basis."   These identifications would not cause the jury to make a

decision on an improper basis.   *United States v. Morris,* 817 F.3d 1116, 1120 (8th Cir. 2016)

(threatening voicemails admitted where witness identified defendant's voice on voicemails).   The

voice identifications should be admitted.

The Government does not intend to elicit voice identification testimony from Kim Allen,

Kyle Mack or Anthony Valenza.

B.   The Identifications Were Not Impermissibly Suggestive

Defendant Korte claims that the voice identifications should be excluded because 1) the

investigators supplied interviewees with defendant Korte's name and asked if he was one of the

speakers;   2) identifications were based on a few words; 3) no other witness stated that defendant

Korte was involved in L.H.'s arrest.   Defendant's Steven Korte's Motion in Limine to Exclude

Voice Identification and Combined Memorandum of Law in Support, p. 8 [Document 284].

These contentions are incorrect.

As an initial matter, motions to suppress evidence were due on February 21, 2020.

[Document 168].   On February 19, 2020, defendant Korte filed motions to dismiss the indictment,

to sever, and to suppress his statements.   [Documents 176, 177, 178].   His motion to file another

pretrial motion out of time was granted and he filed a motion to dismiss Count 3 on June 2, 2020.

[Document 199]. An evidentiary hearing was held on September 8, 2020 [Text Order 229].   On

November 5, 2020, Magistrate Judge John Bodenhausen issued his Memorandum, Report and

Recommendations. [Document 238].   On January 11, 2021, this Court sustained, adopted and

incorporated the Report and Recommendations.   [Document 262].   To the extent that defendant

Korte's motion in limine seeks to suppress the identifications as a violation of his constitutional rights, it is untimely.

1.   Investigators Did Not Suggest Defendant Korte's Name As the Speaker on the Video

The Government expects to introduce the testimony of Zach Foltz, Randy Hays, Taylor Hosna, Greg Schaffer and Jocelyn Stone to identify defendant Korte's voice on the cell phone recording.   If defendant Boone testifies, he will be asked about his identification of defendant Korte's voice.   None of the interview reports of these witnesses indicate that investigators supplied defendant Korte's name to the witness and asked if he was one of the speakers, as defendant claims.   Foltz (EDMO0061358), Hays (EDMO0064691), Hosna (EDMO0061334), Schaffer (EDMO0061146), Stone (EDMO0061192); Boone (EDMO0062761).

2.   The Voice Identifications Have a Sufficient Basis

The cell phone video contains defendant Korte stating "Get on the ground…Hands out! Hands out!"   Any person may identify a speaker's voice if he has heard the voice at any time. *United States v. Cerone*, 830 F.2d 938, 949 (8th Cir.1987).   Attacks on the accuracy of the identification go to the weight of the evidence, and is a jury issue. *Id.*   Defendant Korte may cross-examine the witnesses concerning their ability to identify his voice—the length of the recording is not a basis to exclude the identification evidence.

3.   Other Evidence Ties Defendant Korte to L.H.'s arrest

Defendant claims that "the discovery obtained up to the present has not revealed a witness who states that Defendant was involved with L.H.'s arrest."   Defendant's Steven Korte's Motion in Limine to Exclude Voice Identification and Combined Memorandum of Law in Support, p. 8 [Document 284].   This is incorrect.   Defendant Hays will testify that defendant Korte kicked L.H. in the head during his arrest.   In addition, multiple witnesses will identify defendant Korte in

5

photographs taken by Lawrence Bryant at the scene shortly after the arrest.

The identifications of defendant Korte's voice by Zach Foltz, Randy Hays, Taylor Hosna, Greg Schaffer and Jocelyn Stone (and Dustin Boone, if he testifies) should be admitted under Rules 401, 402 and 403 as relevant, probative evidence.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court deny Defendant Korte's Motion in Limine to Exclude Voice Identification.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

 s/*Carrie Costantin*
CARRIE A. COSTANTIN #35925MO
ROBERT F. LIVERGOOD #35432MO
Assistant United States Attorneys
111 S. 10th Street, Room 20.333
St. Louis, Missouri    63102
(314) 539-2200
carrie.costantin@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all parties of record.

s/*Carrie Costantin*
CARRIE COSTANTIN   #35925 MO
Assistant United States Attorney

6