IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.: S1-4:18CR00975 CDP |
| ) | |
| DUSTIN BOONE, ) | |
| CHRISTOPHER MYERS, and ) | |
| STEVEN KORTE ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT DUSTIN BOONE'S MOTION *IN LIMINE* TO PRECLUDE THE GOVERNMENT'S USE OF TEXT MESSAGES AS INTRINSIC EVIDENCE AND/OR 404(b) EVIDENCE**

COMES NOW Defendant Dustin Boone, by and through undersigned counsel, and respectfully requests that this Court enter an Order precluding the Government from offering as evidence at trial the text messages identified below. In support of this motion, Defendant Boone submits the following.

**I. Introduction**

The Government seeks to introduce certain text messages sent and received by Defendant Boone between September 14, 2017 and November 17, 2017 as intrinsic evidence or in the alternative, pursuant to Rule 404(b)(2) to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

**II. Intrinsic Evidence and Rule 404(b) Argument**

Intrinsic evidence is evidence which is offered for the purpose of providing a context in which the charged crime occurred, completing the story, or providing a total picture of the crime charged. *United States v. Thomas*, 760 F.3d 879, 883 (8th Cir. 2014). Intrinsic evidence is subject to regular principles of admission under Rules 401 and 403. *United States v. Buckner,* 868 F.3d 684 (8th Cir. 2017)   Rule 404(b) applies only to extrinsic evidence and supplies a general prohibition against propensity evidence. For evidence to be admissible under Rule

404(b)(2) the Court must determine that (1) it is relevant to a material issue; (2) it is similar in kind and not overly remote in time to the crime charged; (3) it is supported by sufficient evidence; and (4) its potential prejudice does not substantially outweigh its probative value. *United States v. Smith*, 978 F. 3d 613, 616 (8th Cir. 2020).  Defendant Boone objects to Government introducing into evidence the following text messages listed in the Government's Notice of Intent to Use Inextricably Intertwined Evidence and/or Rule 404(b) Evidence (Doc. 277) contained in Section V:

   (a) Boone's texts on September 14, 2017, noon;

   (c) Boone's texts on September 15, 2017, 8:54 AM;

   (d) Boone's texts on September 15, 2017, 8:54 AM;

   (e) Boone's texts on September 15, 2017, 3:45 PM;

   (g) Boone's texts on September 15, 2017, 8:54 PM;

   (h) Boone's texts on September 16, 2017, 12:28 AM;

   (l) Boone's texts on September 16, 2017, 10:13 PM;

   (m) Boone's texts on September 17, 2017, 10:07 AM;

   (r) Boone's texts on September 20, 2017, 8:53 PM;

   (t) Boone's texts on September 21, 2017, 5:39 PM;

   (w) Boone's texts on September 23, 2017, 6:06 PM;

   (ee) Boone's text on November 17, 2017, 7:36 PM and 7:38 PM.

The Government argues that the substance of these text messages are admissible as intrinsic evidence to show Defendant Boone's intent and complete the story of the offense that Defendant Boone is charged with in the Superseding Indictment.  In the alternative the Government argues that these text messages are admissible under Rule 404(b)(2) to show Defendant Boone's motive and intent to harm protesters.  None of the text messages above are admissible as intrinsic evidence as they are commentary on protesters in general and a particular responses from law enforcement. (Doc. 277, Section V (l.) p. 15).  Some text messages are not so unambiguous as to

point to a specific intent or motive to commit an unlawful act against peaceful protesters. (Doc. 277 p. 16 (m). Each of the text messages listed above are not so inextricably intertwined as to complete the story and provide a total picture of the charges in this case. Any probative value that exists is substantially outweighed by the unfair prejudice which would result to Defendant Boone should the Court allow the Government to admit these text messages listed above into evidence. Likewise, the Court should not allow the Government to admit the text messages listed above under Rule 404(b) as this constitutes improper character evidence. Any probative value is substantially outweighed by the unfair prejudice to Defendant Boone.

In addition, the text messages on November 17, 2017 are completely unrelated to anything having to do with protesters and occurred at a different location two months after the conduct the Government is alleging in Count I of the Superseding Indictment in this matter.(Doc. 277 (ee) p.30). This event is too remote in time to be probative of Defendant Boone's state of mind, intent, or motive with respect to the allegation regarding the events of September 17, 2017. This text is not admissible under Rule 404(b) as the Government states; rather, it is improper character evidence and any probative value is substantially outweighed by the unfair prejudice to Defendant Boone.

For the reasons stated above, Defendant Boone respectfully requests that the Court enter an Order granting this Motion *In Limine* precluding the Government from introducing Defendant Boone's text messages listed herein.

        Respectfully Submitted,

        /s/ *Patrick S. Kilgore*
        By: Patrick S. Kilgore, #44150MO
        1015 Locust, Suite 1000
        St. Louis, Missouri 63101
        (314) 753-0096
        patrick@patrickkilgorelaw.com
        ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I certify that on February 22, 2021 the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Ms. Carrie Costantin, First Assistant United States Attorney, and Robert Livergood, Assistant United States Attorney.

        */s/ Patrick S. Kilgore*
        Patrick S. Kilgore, #44150MO
        1015 Locust, Suite 1000
        St. Louis, Missouri 63101
        (314) 753-0096
        patrick@patrickkilgorelaw.com
        ATTORNEY FOR DEFENDANT