UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:18 CR 975 CDP |
| ) | |
| DUSTIN BOONE, ) | |
| CHRISTOPHER MYERS, and ) | |
| STEVEN KORTE, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This order rules the motions in *limine* filed by defendants Dustin Boone, Christopher Myers, and Steven Korte that seek to preclude the government's introduction into evidence of certain text messages. Having fully considered the arguments made by all parties, both in writing and in oral argument at the hearing held on March 2, 2021, I conclude that most of the text messages the government seeks to introduce in evidence are admissible, either as intrinsic evidence of the crimes charged or as evidence inextricably intertwined with evidence of the crimes charged, or are admissible under Federal Rule of Evidence 404(b) for the purpose of proving intent, knowledge, motive or absence of mistake.

The government agreed not to introduce two of the texts (z, aa).[1]  Some texts must be redacted further than the government had proposed in its response to the motions in *limine* in order to comply with *Bruton v. United States*, 291 U.S. 123 (1968) (a, n, o, p, y, bb, ff).   Two texts (dd, gg) will be excluded as insufficiently similar or close in time to be admissible under Rule 404(b); alternatively, they are excluded under Rule 403 because any probative value they might have is substantially outweighed by the danger of unfair prejudice, confusing the issue and wasting trial time with arguments about their exact meanings.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Dustin Boone's Motion in Limine to Preclude the Government's Use of Text Messages [302], defendant Christopher Myers' Motion in Limine to Preclude [301] and defendant Steven Korte's Motion in Limine to Exclude Text Messages [298] are denied in part and granted in part as follows:

> The government may introduce the following texts without further redaction or change: **b – m, q – x, cc, ee**.

---

[1] The letter designations used here correspond to those used in Section V of the government's Notice of Intent to Use Inextricably Intertwined Evidence and/or Rule 404(b) Evidence (ECF 277, 287), and which were also used in defendants' motions (ECF 298, 301, 302) and the government's response to those motions (ECF 313).

The following texts may not be introduced in evidence:   **z, aa, dd, gg**.

The following texts may be introduced with the following redactions:

**a**:   Remove the names of all recipients other than Dustin Boone on each text in this group.

**n**:   Redact the 13:00 text by removing   "Apparently someone on the arrest team we handed him off to broke his fucking camera and smashed his phone."
Redact the 13:07 text by removing "Jemerson also said the higher ups r LIVID about the phone and camera."

**o**:   Redact the 15:21 text by removing "The camera thing can't and we weren't apart of that."
Redact the 15:28 text by removing "The camera thing is just ignorant."

**p**:   Remove the 11:00 and 11:02 texts; the 11:04 text is admissible.

**y:**   Remove the 16:46, 17:03, 17:08 and 17:09 texts; the 17:10 and 17:13 texts are admissible.

**bb**:   Redact the 20:29 text by removing "My actions were not the same as Hays and [another officer] but still.   Nobody knows if they called [another officer] cuz Manley told him to leave tonight.   I'll tell you more about that later!"

**ff**:   Remove the names of all recipients.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 4th day of March, 2021.

3