UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:18 CR 975 CDP |
| ) | |
| CHRISTOPHER MYERS, ) | |
| STEVEN KORTE, and ) | |
| DUSTIN BOONE, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

Trial of this case is set to begin on Monday, March 15, 2021. This Order rules or memorializes the rulings previously made at the pretrial hearing on March 2, 2021 on the remaining motions in *limine.*

## Motion in Limine of the United States [ECF 292]

The following issues were raised in the government's motion in *limine* and are resolved as follows.[1]

1. Defendants agree they will not seek to introduce their own out-of-court exculpatory statements.

2. Prior Acts by Witnesses

---

[1] The numbers used here are those from the government's motion [292].

a. Witness Hays:  Defendants agree they will not raise co-defendant Hays' involvement in an incident in September of 2016 that was determined to be justified.  At the hearing the Court ruled that defendants could not raise his prior misdemeanor DWI arrest or his failure to notify the department of it, and so defendants may not call Officer Wilson to testify about that.  Defendants may, however, cross-examine Hays about his previous relationship with co-defendant Colletta.

b. Witness L. H.  Defendants agree they will not raise an issue related to copyrighted material.  As discussed in more detail on March 2, defendants may not inquire into the prior § 1983 lawsuit resulting in a judgment against witness L. H., as it does not go to his credibility and the government will not elicit opinion testimony from L. H.  *See Williams v. City of Chicago*, No. 11C1105, 2015 WL 410699 (N. D. Ill. Jan. 30, 2015).  Any limited probative value this evidence might have is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, or wasting time.

The government seeks to preclude defendants from introducing or cross-examining L. H. about certain text messages.  In response to the motion in *limine*, defendants have agreed not to use those listed as 1, 3, 5, 8, 9, 10, 11, 13, 15, 18, 21, 23, 24, 25, 26, 27, and 28 in the government's motion.  Defendants argue that the

2

remaining messages provide context and a clear picture of the incident or are otherwise relevant. They argue that L. H.'s texts that are critical of protesters may be used to impeach his credibility, that they are somehow relevant to his own actions during the incident alleged in this case, or that they show that defendants' similar statements are not proper Rule 404(b) evidence.

I have carefully reviewed each of the remaining texts covered by the government's motion and conclude that none of them are relevant or admissible. Most simply have no probative value regarding any issue in this case, including credibility of L. H. or his actions on the night in question. Many contain inadmissible hearsay. Many require significant speculation to even understand what they might mean. To the extent that any may have some minimal relevance or probative value, that value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and waste of time. If during trial defendants believe that something said by L. H. on direct testimony contradicts a prior statement contained in one of the text messages or otherwise has caused a text to become admissible impeachment evidence, counsel should approach the bench and seek leave to bring up the evidence before mentioning it in front of the jury.

    c. Witness Naes: Defendants agree not to raise witness Naes' pending

3

lawsuit.

    d. Witness Foltz: Defendants agree not to raise witness Foltz's reasons for leaving the Police Department.

3. Federal Rule of Evidence 615 excluding witnesses has been invoked, so all witnesses other than defendants and the government's case agent, FBI Special Agent Darren Boehlje, are excluded from the courtroom and overflow courtroom during opening statements and testimony of other witnesses.

4. Defendants agree not to raise witnesses' prior invocation of their Fifth Amendment privilege against self-incrimination.

5. The government does not object to defendants' arguments about the timing of the superseding indictment with regard to the addition of defendant Korte; otherwise the defendants will not introduce evidence regarding the government's charging decisions.

6. L. H.'s civil lawsuit[2]

L. H. filed a civil suit against the City of St. Louis and a number of police officials, including the defendants in this case. Case No. 4:19CV2579 JCH. The allegations of the civil complaint arise out of the same incident that forms the basis

---

[2] This is raised in both the government's motion in *limine* [292] and in defendant Myers' motion in l*imine* [299].

for the indictment in this case.  According to the record of the civil case, on February 25, 2021, L. H. and the City stipulated that all of L. H.'s claims against the City of St. Louis, Joseph Marcantano, Lawrence O'Toole, Mayor Lyda Krewson and John and Jane Doe officers were dismissed with prejudice. Although the Court file does not indicate the amount of the civil settlement that led to this dismissal, it has been widely covered by news reports.  The stipulation specifically stated that the claims against the defendants in this case, Dustin Boone, Randy Hays, Christopher Myers, Bailey Colletta, and Steven Korte remain pending.[3]

Defendants argue that L. H.'s filing of the lawsuit shows bias, but that the fact it has been settled and the amount of the settlement should not be admissible. The government has no objection to defendants' cross-examining L. H. about the existence of the lawsuit, but urges that if defendants are allowed to argue that the existence of the suit shows bias because of a financial motive, the government should be allowed to show that the matter has been settled and that any financial motive has been resolved.  The government also argued in its motion that

---

[3] Although there was some confusion at the March 2, 2021 hearing about whether these defendants are represented in the civil lawsuit, the docket sheet from that case reflects that each of the defendants is represented by counsel who are not the same attorneys representing them in this criminal case.

5

questions beyond the fact of the lawsuit and the financial benefit L. H. has or expects to receive from it would be unduly prejudicial and misleading.

I will not preclude defendants from asking L. H. about the civil suit in an attempt to impeach his testimony by showing bias. *See United States v. Harris,* 185 F.3d 999, 1007-09 (9th Cir. 1999); *Villaroman v. United States*, 184 F.2d 261 (D. D.C. 1950). I also will not preclude the government from responding to any allegations of bias by eliciting information about the settlement. It may well be that this line of inquiry could lead to the danger of confusing the issues or misleading the jury, and too much detail might lead to undue delay or a waste of time, but that depends on the way counsel approach the issue at trial. I cannot make any Rule 403 determination on this record and so will not make any ruling at this time limiting any party's right to raise this issue.

7. Cross-Examination of Witness Hays: As discussed at the March 2 hearing, defendants may cross-examine Hays about the fact of his guilty plea as well as the factual basis of his plea as recited in the plea agreement; the plea agreement itself will not be admitted and the parties may not argue about the sentencing guidelines recommendations set out in that document or about the resulting expected sentencing guidelines range. *See United States v. Campbell*, 986 F.3d 782, 794-95 (8th Cir. 2021). The probative value of those details, especially with regard to the

6

sentencing guidelines, is substantially outweighed by the danger of misleading the jury, confusing the issues, and wasting time.

8. The government may call witness Burzota three times as proposed and may introduce the testimony it seeks regarding the photographs he took. Defendants' complaints about this evidence may be a basis for cross-examination but are not a reason to exclude the testimony.

### Korte's Motion to Sever [ECF 297]

Defendant Korte has filed a renewed motion to sever and for separate trials. He argues that the evidence against him is much more limited than that against his co-defendants—especially because of the number and content of text messages that are admissible against one or both of the other defendants—and that therefore he will be unfairly prejudiced by being tried with the others.

Here Korte has not shown that his case should be severed from that of the other defendants. When defendants are properly joined in an indictment they normally may be tried in a joint trial. *Zafiro v. United States*, 506 U.S. 534, 537 (1993). The text messages that will be admitted do not implicate Korte so there is no problem under *Bruton v. United States*, 391 U.S. 123 (1968). The mere fact that evidence is admissible as to the others but not as to him is not a basis for severance, *United States v. McDougal*, 137 F.3d 547 (8th Cir. 1998), nor is the

7

argument that he might have a better chance of acquittal in a separate trial, *Zafiro*, 506 U.S. at 540. Korte has not shown that there is a serious risk that any specific trial right would be infringed by a joint trial or that joinder would prevent the jury from making a reliable judgment. Any potential unfairness that might exist can be addressed by appropriate jury instructions. I will again deny the motion for severance.

Accordingly,

**IT IS HEREBY ORDERED** that the joint motion for jury scene view [270] is granted to the extent stated previously on the record, subject to logistical details being worked out after further consultation with counsel.

**IT IS FURTHER ORDERED** that the motion in *limine* of the United States [292] is granted in part and denied in part as set out above.

**IT IS FURTHER ORDERED** that the motion in *limine* of defendant Christopher Myers to Exclude Evidence about the settlement of the L. H. lawsuit [299] is denied.

**IT IS FURTHER ORDERED** that the motion of defendant Steven Korte to exclude voice identifications [284] is denied as withdrawn; the motion of the United States to exclude the testimony of Barry Dickey [272] is denied as moot as defendant Korte has withdrawn his endorsement of Mr. Dickey as a proposed

8

expert witness and has agreed that no expert testimony on voice identification will be introduced.

**IT IS FURTHER ORDERED** that defendant Steven Korte's motion in *limine* [296] is granted by agreement of the United States, unless Korte opens the door to the topics through his cross-examination.

**IT IS FURTHER ORDERED** that defendant Steven Korte's motion to sever and for a separate trial [297] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 10th day of March, 2021.