# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: 4:18-CR-975-CDP |
| DUSTIN BOONE, and CHRISTOPHER MYERS, | ) |
| Defendants. | ) |

## MOTION FOR SANCTIONS AND TO SEAL THE GOVERNMENT'S IMPROPER DISCLOSURE OF INFORMATION COVERED BY PROTECTIVE ORDER

COMES NOW, Defendant Dustin Boone, ("Defendant Boone"), by and through undersigned counsel, and respectfully moves this Honorable Court to sanction the government and seal the government's previously filed "MOTION for Leave to File Sealed Document," [ECF No. 415] (hereinafter "Motion") as to prevent the ongoing breach and violation of the Court's Protective Order. In support of this motion Defendant states as follows:

1. On January 3, 2019, this Court entered its Protective Order (ECF No. 45) governing "the treatment and handling of all information, material, and documents produced during the discovery proceedings in accordance with the Federal Rules of Criminal Procedure or any order of the Court in this matter, provided or disclosed by the United States to the Defendants or their counsel in this matter." (Protective Order ¶ 1, ECF No. 45.)

2. The Order further states "**All information, material, and documents disclosed during the discovery proceedings is subject to the provisions of this Protective**

**Order unless the Parties otherwise agree by written stipulation**." (Protective Order ¶ 4, ECF No. 45.) (emphasis added)

3. Paragraph 5 of the Protective Order states that any party who "file[s] with or submit[s] to this Court—by way of pleadings, motions, briefs, or other papers or submissions—any information, material or documents subject to this Protective Order, such counsel must make a motion in accordance with U.S. District Court-EDMO Local Rules 83-13.05 for permission from the Court to file or submit such material under seal."

4. On May 6, 2021, the government filed its Motion for Leave to File Sealed Document and attached to its motion a Redacted version of its "Notice of Intent to Use Additional Inextricably Intertwined Evidence and/or Rule 404(B) Evidence, Rule 804(B)(5) Evidence, And [Redacted]," (hereinafter "Notice").

5. In violation of the Protective Order, the partially redacted, publicly available Notice discloses information covered by the Protective Order which is inflammatory, irrelevant, and highly prejudicial to both defendants. The government's publicly available Notice also references several uncharged individuals by first and last name without redaction, potentially putting their safety at risk and invading their privacy. These uncharged individuals include several members of Defendant Boone's family such as his wife and child as well as other individuals within law enforcement.

6. Pursuant the Protective Order, any party who files or submits to the court by way of motions any information covered by the order must make a motion to file such material under seal. Here, the government filed a motion for leave to file a portion of the Notice under seal and in doing so disclosed to the public information which should have been filed under seal or redacted. The government's failure to comply with the

Protective Order denied either defendant the opportunity to challenge the public release of highly prejudicial information and resulted in the public disclosure of uncharged individuals' private information.

7. The government's violation here is substantial as the disclosure of information covered by the Protective Order has allowed the news media to obtain and disseminate information which should have required a written stipulation or court order to release.[1] The wrongful disclosure and subsequent widespread dissemination of such inflammatory and prejudicial information will inevitably taint the jury pool and impair either Defendant's ability to select a fair and impartial jury.

8. The imposition of sanctions upon noncompliance with a court's discovery order is within the sound discretion of the court. *United States v. Koopmans*, 757 F.2d 901, 906 (7th Cir.1985); *United States v. Saitta*, 443 F.2d 830, 831 (5th Cir.1971); *Hansen v. United States*, 393 F.2d 763, 770 (8th Cir.1968). If a party fails to comply with Rule 16, the court may: (1) order the violating party to permit the discovery or inspection; specify its time place, and manner; and prescribe other just terms and conditions; (2) grant a continuance; (3) prohibit the violating party from introducing the undisclosed evidence; or (4) enter any other order that is just under the circumstances. See FED. R. CRIM. P. 16(d)(2)(A)-(D).

9. Given the scope and highly prejudicial nature of the government's public disclosure of information covered by the Court's Protective Order, Defendant Boone requests sanctions under FED. R. CRIM. P. 16(d)(2)(C)-(D) to prohibit the government from introducing the evidence it wrongfully disclosed to the public.

---

[1] https://www.stltoday.com/news/local/crime-and-courts/feds-seek-to-use-new-evidence-they-say-outlines-misconduct-by-former-st-louis-cop/article_6860031f-c9b0-5f78-9999-baac1f7e8012.html

WHEREFORE, Defendant respectfully moves this Court to seal or remove from the docket the government's "Notice of Intent to Use Additional Inextricably Intertwined Evidence and/or Rule 404(B) Evidence, Rule 804(B)(5) Evidence, And [Redacted]," [ECF No. 415] and issue sanctions against the government for violating the Court's Protective Order regarding discovery or any other relief that is just under the circumstances.

Respectfully Submitted,

/s/ Patrick S. Kilgore
By: Patrick S. Kilgore, #44150MO
1015 Locust, Suite 1000
St. Louis, Missouri 63101
(314) 753-0096
patrick@patrickkilgorelaw.com
ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on May 8, 2021, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Sayler Fleming, United States Attorney.

/s/ Patrick S. Kilgore
By: Patrick S. Kilgore, #44150MO
1015 Locust, Suite 1000
St. Louis, Missouri 63101
(314) 753-0096
patrick@patrickkilgorelaw.com
ATTORNEY FOR DEFENDANT