UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. S1-4:18 CR 975 CDP |
| ) | |
| DUSTIN BOONE, and ) | |
| CHRISTOPHER MYERS, ) | |
| ) | |
| Defendants. ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT BOONE'S MOTION FOR SANCTIONS (DOC. # 418)**

COMES NOW, the United States of America, by and through Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Robert F. Livergood and Carrie Costantin, Assistant United States Attorneys for said District, and files its response to Defendant Boone's "Motion for Sanctions and to Seal the Government's Improper Disclosure of Information Covered by Protective Order" and states as follows:

**I.   Introduction**

On November 29, 2018, defendants Boone, Myers and others were indicted in this matter. (Doc. #1). On December 19, 2018, the parties filed a motion for a protective order. (Doc. #44). On January 3, 2019, the magistrate judge granted the motion and issued a protective order. (Doc. #45). On December 12, 2019, the grand jury returned a superseding indictment as to defendants Boone, Myers, and others. (Doc. #135). On February 12, 2021, the Government filed a sealed document (Doc. #277), which was accompanied by a motion to seal the "Notice of Intent to Use Inextricably Intertwined Evidence and/or Rule 404(b) Evidence" (Doc. #275). Four days later, on February 16, 2021, the Court entered a docket order requiring the Government to file "a redacted copy (redacting

1

the matters that are the basis for the sealing) in the public docket no later than 2/19/21." (Doc. #281). None of the parties sought relief from the Court's order. On February 18, 2021, the Government filed its redacted copy of the Notice, disclosing, among other things, defendants' text messages. (Doc. #287). Furthermore, the matters were argued in open court before the Court ruled upon their admissibility.

The case proceeded to a jury trial on March 15, 2021. (Doc. #348). On March 29, 2021, the jury returned a partial verdict and was unable to reach a verdict as to defendant Boone and was unable to reach a verdict as to one of the counts pertaining to defendant Myers. (Doc. #388).

The matter was reset for a jury trial on the two remaining counts for June 7, 2021. (Doc. #409).

On about April 29, 2021, counsel for the Government notified counsel for Boone of the Government's intent to file an additional Rule 404(b) Notice along with its intention to seek forfeiture by wrongdoing. During that conversation, counsel for the Government read several of the text messages it intended including in the Notice and summarized others. Neither party discussed whether the Government's Notice would be filed under seal. On May 6, 2021, the Government filed its sealed and redacted "Notice of Intent to Use Additional Inextricably Intertwined Evidence and/or Rule 404(b) Evidence, Rule 804(b)(5) Evidence, . . . ." (Doc. ##415 and 416). The unredacted Notice was hand-delivered to counsel, and the notice for sealing and the redacted Notice were delivered by the Court's filing system on the same day.

On May 8, 2021, counsel for defendant Boone filed his motion for sanctions.

**II.     Discussion**

Counsel for defendant Boone argues that the Government violated the Court's protective order and should be sanctioned. (Doc. #45). The Government believes it did comply with the

2

protective order based upon notifying the counsel for the defense if its intent to file the Notice and based upon the Court's prior order concerning sealing. As stated above, when the Government filed its original Rule 404(b) Notice, the Court ordered a redacted copy of the Rule 404(b) Notice be filed. The Court did not order that the text messages be redacted. (See Doc. #281). The Court's order complied with the "right of the public to access material filed with the Court in civil and criminal cases. *See* Local Rule 13.05 (eff. Jun. 1, 2021), at para. (A)(2). The new rule explains that the "fact that certain information or material has been protected as confidential by the parties in a case pursuant to a Protective Order is relevant, but not dispositive of, whether this information or material will be sealed when filed with the Court." In fact, recently, a district court in this District ordered that it would not permit the sealing of a redacted sentencing memorandum filed by the defendant. *See United States v. Hamm*, 4:19 CR 613 SRC, (Doc. #91).

 Here, the Government was attempting to follow the Court's prior ruling by filing its Notice (Doc. #416) under seal and filing a redacted copy (Doc. #415, Attachment) not under seal. The Government has no objection to sealing the redacted Notice (Doc. #415, Attachment). However, the Government anticipates that all the information in the redacted Notice would become public in any event, because just as the parties did with the original Notice, the matter will be discussed in a public court hearing during which the contents of the Notice will be discussed in detail.

 Defendant relies on three cases and Rule 16(d)(2)(C) to seek sanctions excluding the evidence in the Notice: *United States v. Koopmans*, 757 F.2d 901 (7th Cir. 1985); *United States v. Saitta*, 443 F.2d. 830 (5th Cir. 1971); and *Hansen v. United States*, 393 F.2d 763 (8th Cir. 1968). In each of the cases, the defendants were seeking to exclude evidence because of the Government's failure to disclose evidence. Rule 16(d)(2)(C) also only applies to nondisclosure of evidence. The courts denied relief because the defendants failed to show prejudice. *Koopman*, 757 F.2d at 905-

6; *Saitta*, 443 F.2d at 831; and *Hansen*, 393 F.2d at 769-770. Those cases are inapposite because they deal with the Government's failure to disclose evidence. However, like in those cases, Boone is unable to show prejudice because the subject matter of the Notice was disclosed to him prior to filing, and the Notice would have been discussed in detail in open court regardless of whether the Notice was filed under seal.

### III. Conclusion

The Government has no objection to the Court sealing the redacted Notice (Doc. #415, Attachment), and, for the reasons stated herein, believes the imposition of a sanction would be unwarranted.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

*/s/ Robert F. Livergood*
ROBERT F. LIVERGOOD, #35432MO
CARRIE COSTANTIN #35925
Assistant United States Attorneys
111 S. 10th Street, Rm. 20.333
St. Louis, Missouri 63102
(314) 539-2200

4

## **CERTIFICATE OF SERVICE**

   I hereby certify that on May 10, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon:

Patrick S. Kilgore
Attorney for Dustin Boone
1015 Locust
Suite 914
St. Louis, MO 63101
Email: patrick@patrickkilgorelaw.com; and

N. Scott Rosenblum
Attorney for Christopher Myers
120 S. Central Ave.
Suite 130
Clayton, MO 63105
Email: srosenblum@rsflawfirm.com.

               /s/*Robert F. Livergood*
               ROBERT F. LIVERGOOD, #35432MO
               Assistant United States Attorney