UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18 CR 975 ERW |
| | ) | |
| DUSTIN BOONE and | ) | |
| CHRISTOPHER MYERS | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

The pre-trial conference in this case was conducted May 24, 2021.   The Court made partial preliminary orders from the bench.   This order formalizes the preliminary rulings and states rulings reserved at the pre-trial conference.   The next pre-trial conference is scheduled June 2, 2021 at 1:00 p.m.   Having fully considered the arguments made by all parties, both in writing and in oral argument, the Court concludes most of the text messages the Government seeks to introduce in evidence are admissible, either as intrinsic evidence of the crimes charged, as evidence inextricably intertwined with evidence of the crimes charged, or are admissible under Federal Rule of Evidence 404(b) as they prove intent, knowledge, motive or absence of mistake.

**Relevant Law on Intrinsic Evidence and Rule 404(b)**

The Government asserts some of the records it intends to offer are intrinsic to the charged offenses and therefore not subject to Rule 404(b).   "Intrinsic evidence is evidence of wrongful conduct other than the conduct at issue offered for the purpose of providing the context in which the charged crime occurred, and includes both evidence that is inextricably intertwined with the crime charged as well as evidence that merely 'completes the story' or provides context to the

charged crime." *United States v. Guzman*, 926 F.3d 991, 999–1000 (8th Cir. 2019).

The Government argues if the Court does not find the evidence to be intrinsic, that the evidence should be permitted under Rule 404(b) to prove motive, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.   Rule 404(b) states, in part:

> (1) Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

> (2) This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake, or lack of accident.

"Rule 404(b) is a rule of inclusion, prohibiting only evidence that tends solely to prove the defendant's criminal disposition." *United States v. Shoffner*, 71 F.3d 1429, 1432 (8th Cir. 1995) (citing *United States v. Yellow,* 18 F.3d 1438, 1441 (8th Cir. 1994)).   "Courts properly admit evidence under Rule 404(b) if: (1) it is relevant to a material issue; (2) it is similar in kind and not overly remote in time to the crime charged; (3) it is supported by sufficient evidence; and (4) its potential prejudice does not substantially outweigh its probative value." *United States v. Smith*, 978 F.3d 613, 616 (8th Cir. 2020).   Rulings allowing 404(b) evidence in this order are made after considering Fed. R. Evid. 403.

**Court's Rulings on Defendant Boone's Evidence**

1.   *Boone's text message from March 20, 2017 at 9:07*

| From | To | St. Louis Time | Body |
|------|------|------|------|
| Dustin Boone | Tim Strain | 3/20/17 9:07 | Fuckin niggers |

2

This is Intrinsic Evidence, admissible to prove context in which charged crime occurred, telling the completing story or providing a total picture of charged crime. It is probative of testimony showing Defendant Boone's animosity towards African Americans.

2.   *Boone's text messages from April 19, 2017 at 12:13*

| From | To | St. Louis Time | Body |
|---|---|---|---|
| Dustin Boone | Mom, Kayla, Kelsea, Ashley Marie, Dad | 4/19/17 12:12 | Ooooohhh!!! Took a head shot w the taser!!! Hahahahhaa Santa and I just smoked 2 dudes |
| Dustin Boone | Tim Strain, Chris Narez, Marcus Biggins, Shawn Griggs, Mcinerny | 4/19/17 17:05 | Dude caught a tampering 1st, resisting, stealing of a motor vehicle out of the county and a TASER to the fuckin dome? Other one was just a body shot. Caught him in some THICK over grow in a side vacant lot, there was nobody around except me. Shaw, shithead and god... he is at the hospital now... poor guy. |
| Shawn Griggs | Dustin Boone, Tim Strain, Chris Narez, Marcus Biggins, Mcinerny | 4/19/17 17:06 | Thats fuckin hilarious! Strong work! |
| Dustin | Shawn Griggs, Tim Strain, Chris Narez, Marcus | 4/19/17 17:08 | Hahaha we made him tell the other offficers on scene that he is a pussy! Hahaha he was puking on himself while EMS was looking at him and saying "I'm a pussy, in a pussy." And crying.. it was the greatest moment of my short career! Lol |

3

| From | To | St. Louis Time | Body |
|---|---|---|---|
| Boone | Biggins, Mcinerny | | |
| Dustin Boone | Scott Hubbard, Brandon Hubbard | 4/20/17 9:40 | Got em!!!! Hahaha TASER to the head! |
| Brandon Hubbard | Dustin Boone, Scott Hubbard | 4/20/17 9:43 | You messed that niggers hat up man ....lol |
| Dustin Boone | Scott Hubbard, Brandon Hubbard | 4/20/17 9:44 | Hell yeah he went down! Then started puking and seizing! Lol we made him tell everyone on scene that he is a pussy   and he listened! Haha he was crying and saying "I'm a pussy, pussy" lol |

This evidence is admissible under FRE 404(b) to prove Defendant Boone's motive,

opportunity, intent knowledge, state of mind, absence of mistake or accident.

3.    *Boone's text message from June 24, 2017 at 23:46*

| From | To | St. Louis Time | Body |
|---|---|---|---|
| Dustin Boone | Kayla, Kelsea, Mom, Ashley Marie, Dad | 6/24/17 23:46 | What city r we in?  These fuckin niggers r the same as St. Louis niggers. |

This is Intrinsic Evidence, admissible to prove context in which charged crime occurred,

4

telling the complete story or providing a total picture of charged crime. It is probative of testimony showing Defendant Boone's animosity towards African Americans.

4.    *Boone's text message from July 17, 2017 at 11:49*

| From | To | St. Louis Time | Body |
|---|---|---|---|
| Dustin Boone | Tim Strain, Chris Narez, Marcus Biggins, Shawn Griggs, Mcinerny | 7/17/17 11:49 | It's already a state of emergency! There r niggers running wild all across the city and even if/when we catch them....they don't get in any trouble because there are plate lips running the CAO! |

This is Intrinsic Evidence, admissible to prove context in which charged crime occurred, telling the complete story or providing a total picture of charged crime. It is probative of testimony showing Defendant Boone's animosity towards African Americans.

5.    *Boone's text message from October 12, 2017 at 15:38*

| From | To | St. Louis Time | Body |
|---|---|---|---|
| Dustin Boone | Mcinerny | 10/12/17 15:38 | I've open hand slapped him one time down there when santa and I were doing shit w MR. he is an ignorant mother fucker! We didn't arrest him but he got his eyes widened a little with a slap from a white boy. Lol |

This evidence is admissible under FRE 404(b), probative of Defendant Boone's state of mind with respect to apprehending suspects and his actions described in the text are similar to those occurring with L.H.'s incident. The evidence is admissible to show Defendant Boone's

5

motive and intent to assault suspects; his actions are willful and not the result of a mistake or accident.

6.    *Boone's text message from December 14, 2017 at 1:59 to Myers*

| From | To | St. Louis Time | Body |
|------|-----|--------------|------|
| Dustin Boone | Christopher Myers | 12/14/17 1:59 | I don't know if sarge is cool w taking any of that cash. I grabbed the 20s for us but I don't know how he will Be about it?? |

The Court will not allow this evidence if offered. This goes to prove Defendant Boone's character of a person in order to show action in conformity therewith. The prejudicial effect outweighs its probative value.

7.    *Boone's text message from March 28, 2018 at 9:01*

| From | To | St. Louis Time | Body |
|------|-----|--------------|------|
| Beau Wethington | Dustin Boone | 3/28/18 9:01 | I hope u beat that kids ass |
| Dustin Boone | Beau Wethington | 3/28/18 9:04 | We didn't take him to children's for nothin! Lol<br><br>There r so many damn RTCC cameras in the fifth now, I had to literally drag him behind a privacy |

This evidence is admissible under FRE 404(b) to prove Defendant Boone's state of mind with respect to apprehending suspects and his actions described in the text shows his knowledge of RTTC cameras and attempt to avoid his actions from being captured from cameras. The text is

6

admissible to show Defendant Boone's motive and intent to assault suspects and conceal the assault, and his actions were willful and not the result of a mistake or accident.

8. *Boone's FaceTime communications from 2017*

| From | To | St. Louis Time | Length of FaceTime Communication |
|------|-----|---------------|----------------------------------|
| Dustin Boone | Ashley Marie | 6/30/17 21:02 | [FaceTime - 00:02:34] |
| Ashley Marie | Dustin Boone | 7/1/17 8:22 | [Face Time - 0:02:37] |
| Dustin Boone | Ashley Marie | 7/1/17 9:36 | [FaceTime - 00:02:56] |
| Dustin Boone | Ashley Marie | 7/1/17 18:07 | [FaceTime - 00:06:19] |
| Ashley Marie | Dustin Boone | 7/1/17 14:12 | [FaceTime - 00:05:250] |
| Dustin Boone | Ashley Marie | 7/5/17 11:24 | [FaceTime - 00:02:12] |
| Dustin Boone | Ashley Marie | 7/12/17 8:09 | [FaceTime - 00:03:45] |
| Dustin Boone | Ashley Marie | 7/13/17 16:31 | [FaceTime - 00:03:05] |
| Dustin Boone | Ashley Marie | 7/15/17 9:47 | [FaceTime - 00:05:45] |
| Ashley Marie | Dustin Boone | 7/21/17 10:43 | [FaceTime - 00:02:53] |
| Ashley Marie | Dustin Boone | 7/28/17 16:30 | [FaceTime - 00:09:10] |
| Dustin Boone | Ashley Marie | 7/31/17 19:38 | [FaceTime - 00:02:42] |
| Dustin Boone | Ashley Marie | 8/1/17 22:06 | [FaceTime - 00:02:56] |
| Dustin Boone | Ashley Marie | 8/4/14 9:12 | [FaceTime - 00:02:24] |
| Dustin Boone | Ashley Marie | 8/4/17 20:24 | [FaceTime - 00:06:35] |
| Dustin Boone | Ashley Marie | 8/15/17 8:13 | [FaceTime - 00:02:47] |
| Dustin Boone | Ashley Marie | 8/16/17 8:48 | [FaceTime - 00:02:24] |

| Ashley Marie | Dustin Boone | 8/19/17 8:04 | [FaceTime - 00:06:01] |
| Dustin Boone | Ashley Marie | 8/29/17 9:00 | [Facetime - 00:02:40] |

These communications are evidence to show Defendant Boone and Ashley Marie Ditto

were familiar with and frequently communicated with each other using Face Time.

9.    *Boone's Photo Face Time and texts between Defendant Boone and Ashley Marie Ditto on September 17, 2017 and September 18, 2017*

| From | To | St. Louis Time | Body |
| --- | --- | --- | --- |
| Dustin Boone | Ashley Marie | 9/17/17 20:40 | [FaceTime for 00:00:31] |
| Dustin Boone | Ashley Marie | 9/17/17 20:41 | I'll FaceTime u when we get close |
| Dustin Boone | Ashley Marie | 9/17/17 20:41 | I won't say anything tho. Should have told u first! |
| Dustin Boone | Ashley Marie | 9/17/17 20:42 | I'll try to get it so u can hear the radio too |
| Ashley Marie | Dustin Boone | 9/17/17 20:46 | I'm watching this.  Sorry |
| Dustin Boone | Ashley Marie | 9/17/17 20:46 | [Dustin Boone Facetimed Ashley Marie - 00:59:28] |
| Dustin Boone | Ashley Marie | 9/17/17 20:46 | [FaceTime - 00:59:28] |
| Ashley Marie | Dustin Boone | 9/17/17 21:52 | Lol no! That's so gross.<br><br>But damn you guys need to practice more. Even I was confused.<br>One guy was sayin HANDS DOWN, HANDS DOWN.<br><br>Next dude saying HANDS UP.<br><br>Then HANDS DOWN, HANDS DOWN, GET YOUR FUCKIN HANDS UP. 🤣🤣🤣🤣🤣🤣🤣 |

8

| Ashley Marie | Dustin Boone | 9/17/17 21:57 | That was SOOOOOO COOL!!!! |
|---|---|---|---|
| Dustin Boone | Ashley Marie | 9/17/17 21:57 | What was? The FaceTime? Or just all of it together? |
| Ashley Marie | Dustin Boone | 9/17/17 22:05 | The FaceTime |
| Dustin Boone | Ashley Marie | 9/17/17 23:01 | [FaceTime - 00:35:26] |
| Dustin Boone | Ashley Marie | 9/18/17 10:40 | [FaceTime - 00:01:41] |
| Dustin Boone | Ashley Marie | 9/18/17 15:19 | Nothing about that story to anyone please. Not something I am proud of and not entertaining at all at this point. I love you |
| Ashley Marie | Dustin Boone | 9/18/17 15:19 | No way. I would never say anything. My heart hurts for you |

The Government argues these communications are admissible under the Doctrine of

Forfeiture by Wrongdoing and Fed. R. Evid. 804(b)(6), for the truth of the matter asserted. The

Government argues Boone married Ashley Marie Ditto, at least, in part, so she would not be able

to testify about these communications and therefore under Rule 804(b)(6) and Forfeiture by

Wrongdoing, the text messages of Ashley Marie Ditto are admissible for the truth of the matter

asserted.

"There are two independent hurdles to admitting out-of-court statements in federal

courts: the Sixth Amendment's Confrontation Clause and the Federal Rules of Evidence."

*United States v. Scott*, 284 F.3d 758, 762 (7th Cir. 2002).

Confrontation Clause

The Sixth Amendment provides "[i]n all criminal prosecutions, the accused shall enjoy

the right … to be confronted with the witnesses against him."   U.S. Const. amend. VI.   "The

Sixth Amendment right of confrontation is, by its language and historical underpinnings, a

9

personal right of the accused and is intended for his benefit." *United States v. Carlson*, 547 F.2d 1346, 1357 (8th Cir. 1976).   As the United States Supreme Court held in *Crawford v. Washington*, the Confrontation Clause applies to testimonial evidence and "[w]here nontestimonial hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development of hearsay law … and as would an approach that exempted such statements from Confrontation Clause scrutiny altogether."   541 U.S. 36, 68 (2004).

Additionally, the right of confrontation, "like other federally guaranteed constitutional rights, can be waived by the accused."   *Carlson*, 547 F.2d 1346, 1357–58 (citing *Brookhart v. Janis*, 384 U.S. 1, 4 (1966)).   "The Sixth Amendment does not stand as a shield to protect the accused from his own misconduct or chicanery."   *Id.* at 1359.   "It is, of course, well-established that a defendant forfeits his Confrontation Clause rights by wrongfully procuring the unavailability of a witness."   *United States v. Scott*, 284 F.3d 758, 762 (7th Cir. 2002) (citing *United States v. Emery,* 186 F.3d 921, 926 (8th Cir. 1999)).

Federal Rules of Evidence

"In 1997, [the US Supreme Court] approved a Federal Rule of Evidence, entitled 'Forfeiture by wrongdoing,' which applies only when the defendant 'engaged or acquiesced in wrongdoing that was intended to, and did, procure the unavailability of the declarant as a witness.'"   *Giles v. California*, 554 U.S. 353, 367 (2008) (quoting Fed. Rule Evid. 804(b)(6)). The Supreme Court "described this as a rule 'which codifies the forfeiture doctrine.'"   *Id.* (quoting *Davis v. Washington,* 547 U.S. 813, 833 (2006)).   This rule, Fed. R. Evid. 804(b)(6), allows for an exception to the rule against allowing hearsay evidence if the declarant is unavailable as a witness and the statement is being "offered against a party that wrongfully

10

caused—or acquiesced in wrongfully causing—the declarant's unavailability as a witness, and did so intending that result."   This "exception applies only if the defendant has in mind the particular purpose of making the witness unavailable." *Giles*, 554 U.S. at 367 (quoting 5 C. Mueller & L. Kirkpatrick, Federal Evidence § 8:134, p. 235 (3d ed. 2007)).

To admit a statement against a defendant under Rule 804(b)(6), the Government must show by a preponderance of the evidence: "(1) that the defendant engaged or acquiesced in wrongdoing, (2) that the wrongdoing was intended to procure the declarant's unavailability, and (3) that the wrongdoing did procure the unavailability."   *Scott*, 284 F.3d at 762.   The wrongdoing does not require a criminal act.   *Id.* at 765 (citing Fed. R. Evid. 804(b)(6) advisory committee's note for 1997 Amendments ("The wrongdoing need not consist of a criminal act.")). Rather, "conduct causing the absence of a witness satisfies the doctrine of forfeiture by wrongdoing, whatever the nature of the wrongdoing."   *Fowler v. Fox*, No. 118CV01516, 2020 WL 605349, at *5 (E.D. Cal. Feb. 7, 2020).   "Wrongdoing under this forfeiture doctrine can include conduct that is otherwise legal, including marriage with a victim to prevent her testimony through invocation of the marital privilege doctrine."   *Id.* (citing *Commonwealth v. Szerlong* 457 Mass. 858, 862-865 (2010); *U.S. v. Montague*, 421 F.3d 1099, 1102-1103 (10th Cir. 2005); *see also Giles v. California*, 554 U.S. 353 (2008) ("This Court first addressed forfeiture in *Reynolds v. United States*, 98 U.S. 145 (1879), where, after hearing testimony that suggest the defendant had kept his wife away from home so that she could not be subpoenaed to testify, the trial court permitted the Government to introduce testimony of the defendant's wife from the defendant's prior trial. On appeal, the Court held that admission of the statements did not violate the right of the defendant to confront witnesses at trial, because when a witness is absent by the defendant's

'wrongful procurement,' the defendant 'is in no condition to assert that his constitutional rights have been violated' if 'their evidence is supplied in some lawful way.'").

<u>Application of Forfeiture by Wrongdoing</u>

Here, the Government seeks to introduce text messages and other communication between Ditto and Boone.   At the time of the messages and communication, Ditto was Boone's girlfriend.   However, Boone and Ditto were married on August 15, 2018, one day after Ditto was served by the FBI with a subpoena to testify before the grand jury regarding Boone's involvement in this case.   Following Ditto and Boone's marriage, Ditto's attorney contacted the US Attorney's Office to relay Ditto's intent to invoke the spousal privilege.

The Government claims Boone married Ditto to prevent Ditto from testifying against him.   Ditto was served with a subpoena on August 14, 2018 to testify before the grand jury on August 23, 2018.   Despite having no previously disclosed plans to wed, Boone and Ditto obtained a marriage license the day after receiving the subpoena and were married the same day. On August 23, 2018, Boone's mother testified before the grand jury.   Boone's mother testified Ditto and Boone had been married approximately a week to a week-and-a-half before.   She further testified they married after Ditto had been served with the grand jury subpoena.   Boone's mother testified she was surprised and did not congratulate them right away because she was taken back that they just went and got married.

Boone's father also testified on August 23, 2018 before the grand jury after being ordered to testify after unsuccessfully invoking the Fifth Amendment.   Boone's father testified Boone and Ditto lived with him prior to the marriage and continued to live with him after the marriage. He testified he did not know Boone and Ditto were getting married and there was no big

ceremony or party.   He testified he believed they were married after Ditto was served with a subpoena to testify in front of the grand jury.

In addition to Boone's parents, several of Boone's coworkers testified before the grand jury regarding their surprise about Boone and Ditto's sudden marriage.   One of his coworkers testified he suspected Boone "got married so that his girlfriend would not have to come and testify against him."   Another coworker testified Boone had previously told him that he had been married before and would never get married again.

The Government has shown by a preponderance of the evidence (1) that Boone married Ditto to prevent her from being compelled to testify against him, (2) that Boone's marriage to Ditto was intended to procure the Ditto's unavailability, and (3) that the marriage did procure the unavailability of Ditto.   *See Scott*, 284 F.3d at 762.

Boone argues even if the hearsay statements are admissible under 804(b)(6), they are irrelevant and inadmissible for other reasons.   Boone argues the evidence is inadmissible under the balancing test required under Fed. R. Evid. 403 because even when evidence is relevant, it may still be excluded "if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The Government argued at the hearing on the motion the text messages are admissible because they tell the complete story.   The assault against Luther Hall occurred beginning at around 8:53 p.m. on September 17, 2017.   On that date, Boone sent a text message to his then-girlfriend, Ashley Marie Ditto, at 8:41 p.m. stating, "I'll FaceTime u when we get close. I won't say anything tho. Should have told u first! I'll try to get it so u can hear the radio too."   The

13

Government presented a photograph of Boone from September 17, 2017, which shows he had his cell phone placed in a way where it could broadcast video hands-free.   Boone then called Ditto on FaceTime at 8:46 p.m., and the video call lasted from 8:46 p.m. until 9:46 p.m.   Six minutes after the video call ended, Ditto sent Boone a text message which stated, "Lol no! That's so gross. But damn you guys need to practice more. Even I was confused. One guy was sayin HANDS DOWN, HANDS DOWN. Next dude saying HANDS UP. Then HANDS DOWN, HANDS DOWN, GET YOUR FUCKING HANDS UP."   Her text message also includes several of the "rolling on the floor laughing" emoji.   Ditto then sent Boone a text message that says, "That was SOOOOOO COOL!!!!" at 9:57 p.m.   Boone replies to Ditto at 9:57 p.m. and says "What was? The FaceTime? Or just all of it together?"   Ditto replies at 10:05 p.m. and says, "The FaceTime."   Boone then called Ditto again on FaceTime at 11:01 p.m. and that video call went from 11:01 p.m. to 11:36 p.m.

The next day, Boone sent Ditto a text message at 3:19 p.m. which said, "Nothing about that story to anyone please. Not something I am proud of and not entertaining at all at this point. I love you."   Ditto responded to Boone at 3:19 p.m. and said "No way. I would never say anything. My heart hurts for you."

Boone argues these messages are inadmissible because they have no relation to Hall's arrest and should be excluded on bedrock admissibility considerations of lack of relevance. Boone argues Ditto's first message is an hour after the assault of Hall and appear to refer instead to officers' conduct during other arrests and likely referred to the "kettling" incident that took place after Hall's arrest.   Boone argues Ditto's second message does not indicate what "story" is being referenced.

14

However, as the Government pointed out, the "kettling" incident took place after 11:00 p.m. and therefore Ditto's message sent at 9:52 p.m. following the FaceTime with Boone, was not about anything during the "kettling" incident.   Additionally, Boone's argument Ditto's second message does not indicate what "story" is being referred to is not persuasive.   Boone found out on September 18, 2017 at roll call the suspect arrested the night prior, Luther Hall, was an undercover police officer.   At approximately 1:00 p.m., Boone sent a text message which stated he was getting his "ass chewed" over the arrest of Hall.   Then, around 3:15 p.m., Boone sent a text message which said he was okay but did not like it hanging over him.   Four minutes later at 3:19 p.m. is when Boone then sent the text message to Ditto which stated "Nothing about this story to anyone please.   Not something I am proud of and not entertaining at all at this point. I love you."

These communications are intrinsic evidence in that the evidence is intertwined with the charged crime and the evidence helps to tell the complete story of what occurred.   These Face Time communications are admissible under the Doctrine of Forfeiture by Wrongdoing occurring September 17, 2017 and September 18, 2017 and FRE 804(b)(6) to show the truth of the matter asserted.

10. *Boone's FaceTime communications after September 18, 2017*

| From | To | St. Louis Time | Length of FaceTime Communication |
|------|-----|------|------|
| Dustin Boone | Ashley Marie | 9/20/17 10:11 | [FaceTime - 00:02:52] |
| Dustin Boone | Ashley Marie | 9/26/17 21:42 | [FaceTime - 00:04:01] |
| Ashley Marie | Dustin Boone | 11/4/17 21:00 | [FaceTime - 00:04:28] |

| Dustin Boone | Ashley Marie | 11/10/17 15:42 | [FaceTime - 00:02:11] |
|---|---|---|---|

If offered this evidence is immaterial and will not be received.

11.   *Boone's video recordings while on duty*

| St. Louis Time | Video File | Description of Video |
|---|---|---|
| 10/8/16 | [IMG_0024.MOV] | Video of police cart with sirens on |
| 12/31/16 | [IMG_0462.MOV] | Video in car with communications in background |
| 2/8/17 | [IMG_0608.MOV] | Video of arrest - arrestees sitting on sidewalk |
| 2/8/17 | [IMG_0609.MOV] | Video of arrest - arrestees sitting on sidewalk |
| 4/2/17 | [IMG_0837.MOV] | Video of driving down alley/street with cars parked on both sides and people standing by cars |
| 5/28/17 | [IMG_0116.MOV] | Video inside car with radio playing |
| 7/24/17 | [IMG_0393.MOV] | Video driving down alley |

The prejudicial effect of Boone's video recordings 10/8/16-7/24/17 is greater than their probative value and will not be received in evidence if offered.

12.   *Boone's text messages regarding prescription drugs*

The prejudicial effect of Boone's communications concerning drugs is greater than the probative value and will not be received if offered.

**Court's Rulings on Defendant Myers' Evidence**

1.   *YouTube Video of Myers (April 2016) and Text Messages concerning video (January 24,*

16

*2017, September 16, 2017)*

All references in the text message and in the video to "Get the fuck out of here," must be redacted and the balance of the texts will be received if offered.

2.   *Previously Admitted Government Exhibit 246*



Government's Exhibit 246 will be received in evidence only with Defendant Myers' name redacted.

3.   *Previously Admitted Government Exhibit 247*

Fri, Sep 15, 2017

Michael Hines 07:07 CST

Hey we are both on the same arrest team. Are we meeting at 20th and Olive?

Chris Myers 07:26 CST

I know right. Yes I guess so, let's whoop some ass

(Ruling below.)

4.    *Previously Admitted Government Exhibit 251*

<

Fri, Sep 15, 2017

Amy Boyer 20:34 CST

bad you have to deal with all this craziness of downtown

Chris Myers 20:34  CST

Lol yea but for some sick reason I live for this

(Ruling below.)

5.    *Previously Admitted Government Exhibit 255*

[Mark Myers]

Sat, Sep 16, 2017

Chris Myers 20:18 CST

Yea were all kind of tired and with 10 officers already injured one with a broken jaw and one with a dislocated shoulder I think the bosses are being a little more lenient with the use of force by us 😉

(Ruling below.)

6.    *Previously Admitted Government Exhibit 256*

<

Sat, Sep 16, 2017

Truesdale 20:58 CST

Hot shots Fenton

?

Chris Myers 20:58 CST

Are u kidding me I'm fucking fighting protestors

Truesdale 20:59 CST

Im guessing my attempt at humour was wrong time, wro g olace?

Chris Myers 21:00 CST

No if it was humor u know I do have to wonder to ensure u weren't that absent minded lol

Love you by the way

(Ruling below.)

19

7.   *Previously Admitted Government Exhibit 276*



This ruling applies to 3, 4, 5, 6, and 7.   Whooping ass, living for craziness of downtown for a sick reason, expecting use of force will be tolerated more by superiors, fighting protestors and trying to fuck up the bad guy is behavior one with the ability to cover-up would likely exercise. The evidence goes directly to Defendant Myers conduct in knowingly altering, destroying, or mutilating L.H.'s cell phone, intending to impede, obstruct, or influence any investigation of police misconduct, which could lead to arrests of officers. These text messages, if offered, will be received in evidence.

Accordingly,

**IT IS HEREBY ORDERED** that except as set out above, the defendant Dustin Boone's Motion in Limine to Exclude Evidence of Alleged Prior Bad Acts and Evidence Offered Under the Forfeiture by Wrongdoing Doctrine [ECF No. 426], and defendant Christopher Myers' Motion in Limine to Preclude Unfairly Prejudicial and Irrelevant Statements [ECF No. 430] and his Motion in Limine to Exclude from Evidence Item E of the Government's Notice of Intent to

Use Additional Inextricably Intertwined Evidence [ECF No. 431] are denied.[1]

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

Dated this 26th day of May, 2021.

_____

[1] Defendant Boone's Motion for sanction and to Seal Improper Disclosure of Information covered by Protective Order [ECF No. 418] was denied on the record at the hearing, as was Defendant Myers' Motion to Sever [ECF No. 428].

21