IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18 CR 975 ERW |
| | ) | |
| DUSTIN BOONE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## LUTHER HALL'S REPLY IN SUPPORT OF HIS MOTION FOR LEAVE TO OBTAIN DISCOVERY MATERIAL PROVIDED PURSUANT TO PROTECTIVE ORDERS

### I.   INTRODUCTION

On October 27, 2021, Luther Hall, the victim in the above-referenced case, filed his Motion for Leave to Obtain Discovery Material Provided Pursuant to Protective Orders.  Doc. 560.  On November 4, 2021, the government stated that it had no objection and would provide the materials requested subject to the same protective order, except for material obtained through the grand jury.  See Government's Response (Doc. 561), ¶ 4.  For the reasons discussed below, the grand jury material provided to the Defendants in their criminal case should be provided to Plaintiff in his civil case against them.

### II.   ANALYSIS

Federal Rule of Criminal Procedure 6(e)(3)(E)(i) provides that a court may disclose a grand jury matter in connection with a judicial proceeding at a time, in a manner, and subject to conditions as directed by the Court.  Here the government has requested that any disclosure be subject to the protective order entered in the criminal case.  Hall has no objection to this, provided that the information produced to him can be provided to or used by the attorneys representing the Defendants in the civil lawsuit, subject to the same protective order, so that Hall

can comply with his discovery obligations in the civil case.[1]

A litigant seeking the disclosure of grand jury material under Rule 6(e) "must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 222, 99 S. Ct. 1667, 1674, 60 L. Ed. 2d 156 (1979). "[A]s the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification." *Id.*

Hall's lawsuit seeks damages against the same defendants for the same civil rights violations that resulted in criminal charges being brought against them (except Bailey Colletta who pled guilty to lying to the grand jury) in this proceeding. Hall has requested any material provided to the Defendants by the government, which Hall understands to be the transcripts of all witnesses who testified before the grand jury, as well as documents that were obtained pursuant to grand jury subpoenas, to include but not necessarily be limited to prior complaints against the defendants and video recordings. Because the government presented evidence to the grand jury regarding the same unconstitutional arrest and beating of Hall that is at issue in his civil lawsuit, the requested material is "directly pertinent to the need for disclosure." *Id.* at 224. The grand jury returned its indictment almost 3 years ago: on or about November 29, 2018. The materials requested have already been provided to the Defendants and their criminal defense attorneys, making the need for secrecy less relevant and Hall's need for the same discovery more compelling as the Defendants have information about this case that Hall does not, giving them an

---

[1] The Defendants in this case are the same Defendants in Hall's civil lawsuit. However, they cannot provide the materials produced to them in the criminal case to different attorneys defending them in the civil case or use the materials in the civil lawsuit when the same attorneys represent a defendant in both cases because of the protective order entered in this case.

unfair advantage in defending the civil lawsuit, even if they cannot use the evidence directly.

"The purpose of Rule 6(e)(2) is to protect the inner workings of the grand jury.  The more a document reveals about that work, the greater the protection it receives under the rule." *In re Grand Jury Investigation*, 55 F.3d 350, 353–54 (8th Cir. 1995).  While the 8th Circuit has recognized that witness transcripts are entitled to the greatest protection under Rule 6(e), Hall is requesting that he be provided transcripts that have already been provided to Defendants. Several of the witnesses that appeared before the grand jury also testified during the criminal trial and their grand jury testimony was used to question them at trial.  See e.g. Exhibit 1 attached hereto and incorporated by reference herein.  The criminal trial was covered extensively in the media.  This reduces the need for secrecy, because it already is no secret that witnesses testified before the grand jury.

As to the material obtained through grand jury subpoenas, courts have generally offered these documents less protection because a grand jury's review of subpoenaed documents is less likely to disclose the grand jury process.  "Unless a document reveals something about the intricate workings of the grand jury itself, the documents are not intrinsically secret just because they were examined by a grand jury."  *In re Grand Jury Proc. Relative to Perl,* 838 F.2d 304, 306 (8th Cir. 1988).  Therefore, documents obtained pursuant to grand jury subpoena should be produced to Hall for use in his civil case.

In *Douglas Oil,* the Supreme Court provided the following reasons for maintaining grand jury secrecy: (1) concern that grand jurors would be influenced or intimidated; (2) the risk that the subjects of the grand jury inquiry would flee; (3) concern that disclosure might cause witnesses in future grand jury investigations to fear retribution; and (4) to protect those exonerated from the disclosure that they were under investigation.  *In re Grand Jury*

*Investigation*, 55 F.3d  at 355, citing *Douglas Oil*, 441 U.S. 219, n. 10.  None of the reasons for

maintaining grand jury secrecy exist in this case.  The grand jury concluded its proceedings

several years ago; so there is no concern that its members will be influenced or intimidated or

that the subjects of the inquiry might flee.  The Eighth Circuit has recognized that "the end of a

grand jury inquiry reduces the interests in grand jury secrecy."  *Id.* at 354.  All of the defendants

were indicted, with their criminal trial(s) and pleas covered extensively by the media.  Therefore,

the public already knows that these defendants were not only under investigation but charged

with crimes.  As to the impact on future grand juries, as set forth above, it was already disclosed

through the criminal trial that grand jury testimony was provided to the Defendants.  If the

release of these transcripts to the Defendants, who were accused of arresting Hall for no reason

and mercilessly beating him, was not considered to have an adverse impact on witness

cooperation in future grand jury proceedings, releasing them to the victim of this violent assault

would not discourage witnesses from testifying before future grand juries, particularly when the

materials are subject to the same protective order.

     The need for disclosure outweighs the limited need for secrecy in this case.  These

materials are directly related to the civil case and would substantially aid Hall in the preparation

of his case against Defendants.  *Id.* at 354.  Hall's unconstitutional arrest and beating took place

in September 2017, over 4 years ago.  A Rule 16 Order was not entered in the civil case until

September 14, 2021, preventing Hall from taking depositions.  He did not attempt to informally

question potential witnesses to avoid interfering with the criminal investigation and prosecution.

The grand jury proceedings were conducted in 2018, much closer to the time the events

occurred, when memories were better.  The materials are necessary to avoid a possible injustice

in the civil proceeding by allowing police officers who falsely arrested and beat Hall to avoid

4

civil liability for their egregious misconduct due to the length of time that has passed since this occurred.  This is particularly true when officers at the scene have been unwilling to cross the blue line to protect fellow officers from the consequences of their misconduct.  As set forth above, Defendants have information that Hall does not have that they can obtain by other means in the civil proceeding because of their knowledge, even if they cannot directly use grand jury material in the civil proceeding.  This gives the criminal defendants an unfair advantage over the victim in the civil case.  Providing Hall access to these material will also substantially aid him in the preparation of his case, save time and money, and allow for more thorough discovery because based upon the evidence already known.  *Id.*  Therefore, under the standard set forth in *Douglas Oil*, as applied by this Circuit, Hall should be provided the same grand jury materials in his civil case provided to Defendants in the criminal case against them.  *Id.*

## III.    CONCLUSION

For the reasons set forth above, Hall should be provided the grand jury materials provided to Defendants in their criminal case for use in his civil case against them, subject to an appropriate protective order.

Respectfully submitted,

**PLEBAN & PETRUSKA LAW, LLC**

By:    _____/s/ Lynette M. Petruska_____
Lynette M. Petruska, Mo. Bar No. 41212
lpetruska@plebanlaw.com
C. John Pleban, Mo. Bar No. 24190
cpleban@plebanlaw.com
2010 South Big Bend Blvd.
St. Louis, MO  63117
(314) 645-6666 - Telephone
(314) 645-7376 - Facsimile

Attorneys for Luther Hall

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that a true and accurate copy of the foregoing was served upon all counsel of record via the Federal Electronic Filing System on this 12th day of November, 2021.


_____/s/ Lynette M. Petruska_____