UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:18 CR 975 ERW |
| DUSTIN BOONE, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Non-Party Luther Hall's Motion to obtain discovery materials provided pursuant to protective orders [560].

Hall is the plaintiff in a pending civil lawsuit[1] filed against Defendants Dustin Boone, Randy Hays, Bailey Colletta, Christopher Myers, and Steven Korte. In his motion, he states he is seeking damages for the same acts that formed the basis of the criminal charges against Defendants. Hall asserts the United States provided discovery to Defendants pursuant to protective orders that prohibited Defendants from using the material for any purpose other than their defense of the criminal charges against them. Hall maintains the protective order prevents Defendants from sharing this discovery with the lawyers defending them in Hall's civil lawsuit, which in turn, prevents Hall from obtaining this discovery through the Defendants' civil defense lawyers, even though this discovery is in the Defendants' possession or control. Hall claims the investigation conducted by the United States is relevant to his civil lawsuit.

Hall requests all evidence/materials produced to Defendants by the United States in the criminal case that was not admitted into evidence at trial, to include but not necessarily be

---

[1] *Hall v. Boone, et al.*, No. 4:19-CV-02579-JCH.

1

limited to reports, interviews, witness statements, photographs, audio and/or video recordings, or other evidence relating and/or pertaining to Hall's arrest and assault be produced to him for use in his civil lawsuit against the same Defendants.

In response, the government agrees to provide all discovery material previously provided to defense counsel to counsel for Luther Hall—with the exception of material obtained through the grand jury under Federal Rule of Criminal Procedure 6. The government requests counsel for Luther Hall be subject to the same conditions of the Protective Order entered in this case.

In his reply, Hall argues the grand jury material provided to Defendants in their criminal case should be provided to Hall in his civil case against them subject to an appropriate protective order.[2] Hall indicates he seeks the transcripts of all witnesses who testified before the grand jury, as well as documents that were obtained pursuant to grand jury subpoenas, to include but not necessarily be limited to prior complaints against the defendants and video recordings. He contends his need for disclosure is greater than the need for continued secrecy and argues the materials are necessary to avoid a possible injustice in the civil proceeding.

The need to preserve the secrecy of grand jury proceedings is well acknowledged and is proscribed by the Federal Rules of Criminal Procedure. *See generally*, Fed. R. Crim. P. 6(e)(2); *Douglas Oil Co. of Calif. v. Petrol Stops Nw.*, 441 U.S. 211, 218–19, 99 S. Ct. 1667, 60 L.Ed.2d 156 (1979); *In re Grand Jury Proceedings Relative to Perl*, 838 F.2d 304, 306 (8th Cir. 1988). The policy of secrecy surrounding grand jury proceedings, however, is not absolute. *In re Grand Jury Proc. Relative to Perl*, 838 F.2d at 306. Federal Rule of Criminal Procedure 6(e)(3)(C)(i)

---

[2] Mr. Hall indicates he has no objection to the government's request that any disclosure be subject to the same protective order issued in this case, provided that the information produced to him can be provided to or used by the attorneys representing the Defendants in the civil lawsuit, subject to the same protective order, so Hall can comply with his discovery obligations in the civil case.

has recognized that in some situations justice may demand that discrete portions of grand jury proceedings be made available for use in subsequent judicial proceedings. *Douglas Oil,* 441 U.S. at 219–20, 99 S. Ct. at 1672–73.

It is firmly established that a person seeking Rule 6(e)(3)(C)(i) disclosure carries the burden of making a "strong showing of particularized need for grand jury materials." *In re Grand Jury Proc. Relative to Perl*, 838 F.2d at 306. A party demonstrates particularized need where:

> [1] the material they seek is needed to avoid a possible injustice in another judicial proceeding, . . . [2] the need for disclosure is greater than the need for continued secrecy, and . . . [3] their request is structured to cover only material so needed.

*Douglas Oil,* 441 U.S. at 222, 99 S.Ct. at 1674.

In applying the three-prong test set forth in *Douglas Oil*, the Court examines the first factor—whether disclosure of the grand jury materials is necessary to avoid injustice in the civil lawsuit brought by Mr. Hall. Hall contends the grand jury materials are necessary to avoid a possible injustice in his civil proceeding by allowing Defendants to avoid civil liability for their misconduct due to the length of time that has passed since Hall's arrest and beating. Hall notes a Rule 16 Order was not entered in the civil case until September 14, 2021, preventing Hall from taking depositions. Hall argues the grand jury proceedings were conducted in 2018 when the witnesses' memories were better. The Court finds Hall's argument regarding the passage of time to weigh only slightly in favor of disclosure. Although four years have elapsed since the relevant events, witnesses recently testified at the two criminal trials in this matter.

The Court will now address the second factor, whether the need for disclosure of the grand jury materials is greater than the need for continued secrecy. Hall argues the materials requested have already been provided to Defendants and their criminal defense attorneys,

3

making the need for secrecy less relevant. Hall also contends because the grand jury concluded its proceedings several years ago and the criminal proceeding has publicized details of the case, the need for secrecy is reduced. Hall alleges his need for the grand jury materials is compelling as they will aid Hall in the preparation of his civil case against Defendants, save him time and money, and facilitate discovery.

The interests in grand jury secrecy are reduced, although not eliminated, when the grand jury has ended its investigation. *In re Grand Jury Proc. Relative to Perl*, 838 F.2d 304, 307 (8th Cir. 1988). "'[A]fter the grand jury's functions are ended, disclosure is wholly proper where the ends of justice require it.'" *Id.* (quoting *United States v. Socony–Vacuum Oil Co.,* 310 U.S. 150, 234, 60 S. Ct. 811, 849, 84 L. Ed. 1129 (1940)). The Court in *Douglas Oil* explained why a compelling need for grand jury materials must be established even under circumstances where the grand jury proceedings are concluded. The *Douglas Oil* court stated:

> [I]n considering the effects of disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries. Persons called upon to testify will consider the likelihood that their testimony may one day be disclosed to outside parties. Fear of future retribution or social stigma may act as powerful deterrents to those who would come forward and aid the grand jury in the performance of its duties. Concern as to the future consequences of frank and full testimony is heightened where the witness is an employee of a company under investigation. Thus, the interests in grand jury secrecy, although reduced, are not eliminated merely because the grand jury has ended its activities.[13]

*Douglas Oil,* 441 U.S. at 222, 99 S. Ct. at 1674.

Here, the Court does not find the need for disclosure is greater than the need for continued secrecy. Although the need for secrecy has been lessened as the grand jury has completed its work and the matter has been twice tried, the interest in secrecy that remains exceeds Hall's stated needs for the materials. Hall seeks the transcripts of all witnesses who testified before the grand jury, as well as documents that were obtained. However, witness

4

transcripts are entitled to the greatest protection under Rule 6(e). *In re Grand Jury Investigation*, 55 F.3d 350, 354 (8th Cir. 1995). A private party seeking to obtain grand jury transcripts must demonstrate that without the transcript a defense would be greatly prejudiced. *Douglas Oil*, 441 U.S. 211, 221, 99 S. Ct. 1667, 1674, 60 L. Ed. 2d 156 (1979). Hall does not meet his burden to establish he would be greatly prejudiced. *See McAninch v. Wintermute*, 491 F.3d 759, 767 (8th Cir. 2007) (determining the plaintiff failed to make any showing of a particularized need for the requested materials because he admitted the "exact same testimony" could probably be obtained from the witness through deposition). Hall contends his need is compelling as Defendants have been provided the materials, giving them an unfair advantage in the civil suit. The Court notes, however, that the terms of the protective order here only permitted disclosure of the grand jury materials to Defendants in the presence of their attorneys, and bars Defendants from disclosing these materials to the attorneys defending them in their civil cases.

Finally, the Court will consider "the extent to which the request was limited to that material directly pertinent to the need for disclosure." *Douglas Oil, supra,* 441 U.S. at 224, 99 S. Ct. at 1675. Here, Hall does not tailor his request, but instead asserts general relevance and comprehensively seeks "any material provided to the Defendants by the government, which Hall understands to be the transcripts of all witnesses who testified before the grand jury, as well as documents that were obtained pursuant to grand jury subpoenas, to include but not necessarily be limited to prior complaints against the defendants and video recordings." ECF No. 563 at 2.

After consideration of the three-prong test set forth in *Douglas Oil*, the Court finds Hall does not establish the required particularized need warranting disclosure. However, excepting material obtained through the grand jury under Federal Rule of Criminal Procedure 6, counsel for Luther Hall is to be provided discovery material previously provided to Defendants' defense

5

counsel for use in his civil lawsuit, subject to the same conditions of the protective order entered in this case. The information produced to Hall may be provided to or used by the attorneys representing the Defendants in the civil lawsuit, subject to the same protective order, so that Hall can comply with his discovery obligations in the civil case.

Accordingly,

**IT IS HEREBY ORDERED** Luther Hall's Motion to obtain discovery materials provided pursuant to protective orders [560] is **GRANTED IN PART** and **DENIED IN PART** as set forth above.

Dated this 22nd day of November, 2021.

*/s/ E. Richard Webber*
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE